LAW OFFICES OF JOANNE A. SCHULTZ
Joanne A. Schultz,
5500 Main Street, Suite 100
Williamsville, NY 14221
Tel. No. 716-860-5151
Fax No. 716-462-5382
*Attorney for the Plaintiff*



## IN THE UNITED STATE DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

**CHARLES FERNANDES,**

                Plaintiff,

    v.

**CITIGROUP INC.,**

                Defendant.

-----------------------------------------------------------------x

COMPLAINT

# 11  CV  0307 -*A*

**Jury Trial Requested**

Plaintiff Charles Fernandes, by his attorney, Joanne A. Schultz, alleges, upon personal knowledge as to himself, and upon information and belief as to other matters, as follows:

### INTRODUCTION

The Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. to remedy violations of the wage-and-hour provisions of the FLSA by Citigroup, that has deprived the Plaintiff of his lawful wages.

1.  This action is brought to recover unpaid compensation owed to Plaintiff pursuant to the FLSA. For at least three years prior to the filing of this complaint, Defendant has willfully committed widespread violations of the FLSA by misclassifying

1

employees in the positions of specialist, senior specialist, senior analyst and comparable positions with different titles, such as account officer, associate, assistant manager, assistant vice-president and service officer (hereinafter collectively referred to as "Specialists") as salaried exempt employees and failing to pay such employees for overtime hours worked in excess of forty hours per week at a rate of one-and-one half times their regular rate of pay.

2.  Plaintiff seeks unpaid compensation, an equal amount of liquidated damages and/or prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C §216(b).

3.  Plaintiff also brings this action to remedy violations of New York Labor Law ("NYLL") Article 19, §§ 650 et seq.

## II. JURISDICITON AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C §1331.  In addition, the Court has jurisdiction under FLSA pursuant to 29 U.S.C §216(b).

5.  The Court has supplemental jurisdiction over Plaintiffs' New York State Labor Law and Common law claims pursuant to 28 U.S.C 1367.

6.  The Court is empowered to issue a declatory judgment pursuant to 28 U.S.C 2201 and 2202.

## III. THE PARTIES

**PLAINTIFF**

7.  Plaintiff CHARLES FERNANDES is an adult male individual who resides in Amherst, New York, and is presently an employee of Defendant Corporation, as the term "employee' is defined in 29 U.S.C 203(b).

8.  Plaintiff has worked for Defendant for more than twenty eight years.

**DEFENDANT**

9.  Citigroup is one of the largest financial services companies in the world.  Citigroup is a Delaware corporation doing business within Erie County, New York.  Defendant maintains corporate facilities at Crosspoint Parkway, Getzville, New York where Plaintiff has worked during the times relevant to this Complaint.

10. Citigroup maintains control, oversight, and direction over the operation of its facilities, including their employment practices.

11. Citigroup is a publicly traded company.

12. The overtime wage provisions set forth in §206 and §207 of the FLSA apply to Citigroup. Defendant's "Specialist" jobs are not positions involving work that falls within any exception to 29 U.S.C §213(a)(1).

## IV. FACTUAL ALLEGATIONS

13. Plaintiff began working for Citigroup in or around 1982.  Until early 2000, he worked as an hourly non-exempt employee.  He performed a range of back-office support tasks, all clerical in nature, on customer accounts including but not limited to processing orders, wiring funds and producing various reports in relation to DTC operations.  In or around 2000, without changing his job duties, Citigroup reclassified Mr. Fernandes to exempt employee status, gave him the title of Senior Analyst, and began paying him a salary.

14. From the time he was classified as a Specialist, Mr. Fernandes regularly worked more than 40 hours per week without receiving overtime compensation.

15. Mr. Fernandes does not exercise discretion and independent judgment in the

performance of his duties.  He has no authority to alter any company policies, practice or procedure relating to the performance of his duties.  He is required to follow all production standards set by the Defendant and orders issued by his supervisors.

16.  Mr. Fernandes has never managed any employees and does not have anybody reporting to him.

17. Mr. Fernandes had on several occasions questioned the lack of overtime compensation even though he regularly worked more than 40 hours a week.

18. In January 2011, Citigroup promptly without discussion suddenly reclassified Mr. Fernandes as a non-exempt employee.

19.  Mr. Fernandes has suffered significant economic and emotional hardship resulting from Defendant's illegal conduct over the past several years and is entitled to compensation for these acts.

## V.  FIRST CAUSE OF ACTION

### (Fair Labor Standards Act)

20. Plaintiff  realleges and incorporates by reference all allegations in all preceding paragraphs.

21. Because Defendant's violations of the FLSA by misclassifying Mr. Fernandes as an exempt employee was willful, a three-year statute of limitation applies to such violations pursuant to

29 U.S.C §255.

22. Citigroup has willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by misclassifying Plaintiff as an "exempt" employee, thereby, failing and refusing to pay him overtime compensation in

accordance with §§206 and 207 of the FLSA.

23. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with §206 and §207 of the FLSA.

24. As a result of unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C §216(b).

## VI. SECOND CAUSE OF ACTION

### NY Labor Law:  Unpaid Overtime Wages

25. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

26. At all times relevant to this action, the Plaintiff was employed by Defendant within the meaning of New York Labor Law, Article 19.

27. New York Labor Law requires an employer, such as Defendant, to pay overtime compensation to all non-exempt employees.

28. Defendant had a policy and practice of failing and refusing to pay proper overtime pay to the Plaintiff for his hours worked.

29. As a result of Defendant's failure to pay overtime, and its decision to withhold overtime earned and due to the Plaintiff, Defendant has violated the New York Labor Law.

30. Plaintiff seeks the amount of his underpayments based on Defendant's failure pay wages at one and one half times the regular rate of pay for work performed in excess of forty hours per week, as provided by the New York Labor Law, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States, the State of New York, and common law.

B. An award of actual damages for unpaid wages and liquidated damages as provided by FLSA, 29 U.S.C 216(b) and New York Labor Law Article 19, sec. 650 et seq. and the supporting New York State Department of Labor regulations;

C. An award of costs that Plaintiff has incurred in this action, as well as Plaintiffs' reasonable attorney's fees and disbursements, to the fullest extent permitted by law, and;

D. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

DATED:   April 2, 2011

Joanne A. Schultz
5500 Main Street/ Suite 100
Williamsville, NY 14221
Tel. 716-860-5151
Fax 716-462-5382
Email: joanneaschultz@aol.com

*Attorney for Plaintiff*

## VERIFICATION

**STATE OF NEW YORK  )**
**COUNTY OF ERIE        ) S.S**

I, **CHARLES FERNANDES,** of legal age and a resident of the state of New York, after

having been sworn in accordance with law, hereby state that I am the plaintiff in the Complaint.

I have read the foregoing complaint and know the contents thereof.  The contents are true to my

knowledge, except as to matters therein stated to be alleged upon information and belief, and as

to those matters I believe them to be true.

CHARLES FERNANDES

Subscribed to before me
on this 7th day of April, 2011
in Amherst, New York.

**JOANNE SCHULTZ**
**Notary Public State Of New York**
**No. 02SC6012358**
**Qualified In Erie County**
**Commission Expires 08/24 2014**

7